UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EDMOND D. JORDAN

VERSUS

MARY MITCHELL, ET AL

CIVIL ACTION

NO. 10-746-JJB-CN

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Defendants' Motion (doc. 10) to Dismiss and Amended Motion (doc. 17) to Dismiss. Plaintiff has filed an opposition (docs. 14). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons stated herein, the Court GRANTS Defendants' motions, in part, and DENIES Defendants' motions, in part.

## Background

**I. Facts**

This case arises out of the allegedly discriminatory and retaliatory treatment of Plaintiff Edmond D. Jordan ("Jordan") by his employer and Defendant, the Federal Emergency Management Agency ("FEMA").

In November 2007, Jordan filed a complaint with FEMA's Ethics Counsel against his supervisor and Defendant, Jill Igert ("Igert") for allegedly engaging in unethical conduct during a conference call. In January 2008—despite that he had never been reprimanded for his job performance—Igert informed Jordan that he would no longer be allowed to review and/or approve lease terminations for FEMA's Individual Assistance Section. In addition, in March 2008, a fellow

1

employee informed Jordan that Igert had been "surreptitiously looking through a glass window in his office door in an attempt to spy on him" and "making surreptitious attempts to look over his shoulder at his computer screen."  Jordan alleges that he notified FEMA representatives but that no action was taken.

Jordan also alleges that another of his supervisors and Defendant, Mary Mitchell ("Mitchell"), falsely accused him of taking a two-and-a-half-hour lunch break, and that when he offered witnesses to contradict her account, she refused to listen to them.  Later, Mitchell questioned Jordan "in a rather aggressive and intimidating fashion" as to his whereabouts after he returned from an appointment with the Equal Rights Office ("ERO") and contacted the ERO to confirm that Jordan had been there.  Then, in mid-2008, Mitchell twice accused Jordan of taking unexcused leave and excessive absences and threatened to terminate him if the conduct continued.

In June 2008, Jordan learned from a fellow employee that Mitchell and Igert had been tracking the attendance of all lawyers at FEMA's Baton Rouge office.  According the informant, Igert and Mitchell were concerned about the attendance of a "certain employee" and had instituted the office-wide survey to prevent any claims of discrimination.  On July 11, 2008, Jordan left FEMA, allegedly because he did not feel comfortable in the environment created by Igert and Mitchell.

On July 10, 2009, Jordan filed suit against Defendants in this Court ("the First Action").[1] Jordan initially asserted that (1) Igert, Mitchell and FEMA had created a hostile work environment ("HWE") and retaliated against him for filing a complaint against Igert in violation of 42 U.S.C. §§ 1981 & 1983 and the Whistleblower Protection Act, 42 U.S.C. § 2302(b)(8) ("WPA"); and (2) Ingert and Mitchell engaged in a civil consipiracy to interfere with Jordan's civil rights in violation of 42 U.S.C. § 1985(3) ("§ 1985 claim").

On March 4, 2010, this Court granted Defendants' motion to dismiss each of Plaintiff's claims in the First Action (doc. 10, ex. 2). The Court found that Plaintiff's HWE and retaliation claims were precluded because they were covered exclusively by Title VII and, at the time, Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge was still under review. As such, the Court concluded that these claims were premature. The Court also found that Plaintiff's § 1985 claim must be dismissed because it "ar[ose] out of facts that would give rise to a Title VII employment discrimination claim" and was thus preempted, given that Title VII represents the exclusive method of recovery in such situations. Finally, the Court dismissed Plaintiff's WPA claim because the WPA does not provide for direct relief in federal court, and in order for a federal court to hear a WPA claim as an original matter, it must be combined with a Title VII claim, which Plaintiff had not asserted.

## II. Procedural History

---

[1] The suit was captioned as No. 09-445-JJB-SCR.

On November 10, 2010, Jordan again filed suit against Defendants (doc. 1). Plaintiff's complaint in the Second Action was completely identical to the complaint in the First Action except that Plaintiff noted that the EEOC had dismissed his charge. On May 25, 2011, Defendants filed their motion to dismiss (doc. 10). Defendants assert that Plaintiff's WPA and § 1985 claims must be dismissed under the doctrine of *res judicata*. Defendants also assert that Plaintiff's claims against Igert and Mitchell, in their official capacities, were barred by the doctrine of sovereign immunity. In opposition (doc. 14), Plaintiff asserts that his WPA and § 1985 claims should not be barred by the doctrine of *res judicata* because they were not decided on the merits.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6) a federal district court should dismiss the plaintiff's complaint if it "fails to state a claim upon which relief can be granted." To state a valid claim for relief, plaintiff's complaint must contain sufficient factual allegations that, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009). That is, a plaintiff cannot rely on conclusory allegations or recitations of the elements of an offense to survive a motion to dismiss. *Id.*

## Discussion

I. **Sovereign Immunity**

Defendants assert that all of Plaintiff's claims against Igert and Mitchell, in their official capacities, are barred by the doctrine of sovereign immunity. Plaintiff failed to address Defendants' assertion in his opposition.

A federal agency and its officers, in their official capacities, may be sued only to the extent that Congress has waived their sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995); *Whitley v. Hunt*, 158 F.3d 882, 885 (5th Cir. 1998). To find that a waiver has occurred, the court must conclude that Congress "unequivocally expressed" its intent to waive the agency's or its officers' sovereign immunity "in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Congress has done so, in the context of Title VII suits, subject to the requirement that the aggrieved federal employee must first exhaust his administrative remedies with the EEOC. 42 U.S.C. 2000e-16(c); *Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir.1997).

Here, Plaintiff has alleged claims arising under Title VII, and Congress has expressly waived the United States', its agencies' and their officers' sovereign immunity from claims arising under Title VII. *Fitzgerald*, 121 F.3d at 206. Therefore, Plaintiff's claims may not be dismissed on the basis of sovereign immunity.

### *II. Res Judicata*

Defendant asserts that Plaintiff's WPA and § 1985 must be dismissed under the doctrine of *res judicata*. Plaintiff asserts that the Court never decided

5

his claims on the merits. Instead, Plaintiff alleges that the Court simply adjudged his potential Title VII claims to be premature and determined that his WPA and § 1985 claims could only be heard in conjunction with a Title VII claim.

Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been addressed in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Four elements must be met for *res judicata* to bar a claim: (1) the parties to the two actions must be identical; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim must be raised in both cases. *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). According to the United States Court of Appeals for the Fifth Circuit, when a court dismisses a suit on jurisdictional grounds, the dismissal does not serve as a final judgment on the merits for the purposes of *res judicata*.[2]

The Court finds that only Plaintiff's § 1985 claim should be dismissed. In its prior ruling, the Court noted that Plaintiff had voluntarily withdrawn his Title VII claims because he had not yet exhausted his remedies with the EEOC. As such, the Court also found that it did not have jurisdiction over Plaintiff's WPA claims. In doing so the Court recognized that "[Plaintiff's] failure to bring a Title VII claim

---

[2] *Miller v. Nationwide Life Ins. Co.*, 2008 WL 3086783, at *5 (5th Cir. Aug. 6, 2008) (stating that jurisdictional dismissals are "insufficient to serve as final judgments on the merits for *res judicata* purposes"); *Darlak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir.1987) (holding that a dismissal based on sovereign immunity is not "on the merits" for *res judicata* purposes); *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir.1983) (holding that "[d]ismissals for want of jurisdiction are not decisions on the merits" for *res judicata* purposes).

removes this case from those 'mixed' cases"—cases wherein the plaintiff brings a discrimination and a retaliation claim—"over which the district courts have jurisdiction" (doc. 10, ex. 2, p. 4). As such, the Court's prior ruling as to Plaintiff's WPA claim was entirely jurisdictional in nature and does not operate as a decision on the merits. *Miller*, 2008 WL 3086783, at *5

With regards to Plaintiff's § 1985 claim, the Court, in its prior ruling, stated:

> [A]ny claims under 42 U.S.C. §§ 1981, 1983, and/or 1985(3) are precluded, as 'Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees.' Even though Plaintiff claims civil conspiracy, that claim cannot afford an independent ground for relief, as it arises out of facts that would give rise to a Title VII employment discrimination claim. Therefore, the claims are precluded and the Court must dismiss those claims.

(doc. 10, ex. 2, p. 3) (internal citations omitted). In the present case all four elements are present for the application of *res judicata*. First, the parties are the same—Jordan is the Plaintiff, and Igert, Mitchell and FEMA are the Defendants. Second, this Court was one of competent jurisdiction. The federal courts have jurisdiction over cases arising under § 1985 and this Court, therefore, had jurisdiction to determine that Plaintiff's claims were preempted by Title VII. 28 U.S.C. § 1343. Third, there was a judgment on the merits. The Court determined that Plaintiff's § 1985 claim was precluded because Plaintiff's claim was governed exclusively by Title VII (doc. 10, ex. 2, p. 3). Finally, Plaintiff raised claims under § 1985 in both cases. As such, all the elements for *res judicata* are met as to Plaintiff's § 1985 claims.

## **CONCLUSION**

Accordingly, the Court hereby GRANTS Defendants' motions (docs. 10 & 17) to dismiss, in part, as they relate to Plaintiff's civil conspiracy claim under 42 U.S.C. § 1985(3).  In addition, the Court hereby DENIES Defendants' motions (docs. 10 & 17) to dismiss as to each of Plaintiff's remaining claims.

Signed in Baton Rouge, Louisiana this 7th day of July, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**