UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


EDMOND D. JORDAN

                                                                    CIVIL ACTION

VERSUS

                                                                    NO. 10-746-JJB

MARY MITCHELL, ET AL

### RULING ON MOTION FOR CLARIFICATION

This matter is before the Court on a motion by Defendant, Janet Napolitano, for clarification (Doc. 55) of the Court's ruling granting Defendant's motion to dismiss and, alternatively, renewed motion for summary judgment. (Doc. 53). The motion is unopposed.

Defendant seeks clarification of the Court's ruling granting its motion to dismiss and, alternatively, renewed motion for summary judgment. Specifically, Defendant seeks clarification on the status of all of the Plaintiff's claims with special attention paid to the Plaintiff's EEO retaliation claim and any remaining Title VII retaliation claims. For the reasons stated herein, the Defendant's motion is GRANTED.

I.      Facts and Procedural History

The facts of this case have been rehashed at length in previous motions and rulings. The relevant procedural history is as follows:

On July 10, 2009, the Plaintiff filed suit against three defendants in this Court ("First Action"). On March 4, 2010, the First Action was dismissed on justiciability and jurisdictional grounds, noting that the Plaintiff's hostile work environment and retaliation claims were premature and that the Court could not assert jurisdiction over claims set forth in the Complaint absent a Title VII claim that would render the case a "mixed" action.

1

The Plaintiff then commenced the present suit against the same defendants on November 2, 2010. The Complaint claimed retaliation for reporting alleged unethical conduct by his supervisor, which consisted of creating a hostile work environment. This hostile work environment caused him to resign, which constituted a constructive discharge.

Following discovery, the Defendant filed a motion for summary judgment. In it, the Defendant argued: (1) Plaintiff could not show that he suffered a hostile work environment under Title VII because he could not prove that he suffered race or gender-based harassment; (2) Plaintiff could not establish that his resignation was a constructive discharge; (3) Plaintiff could not show that he suffered retaliation for engaging in a protected EEO activity; and (4) Plaintiff could not prevail on his Whistleblower Protection Act ("WPA") claim because there was never an appealable adverse agency action that would allow for the "mixed case" standard of review. Plaintiff did not oppose the motion.

This Court granted the Defendant's motion in part and denied it in part. This Court dismissed the Plaintiff's hostile work environment and constructive discharge claims but ruled that the Defendant's argument that retaliation based on the Plaintiff engaging in protected EEO activity was governed by the WPA, and therefore not subject to review, was conclusory. Likewise, the Defendant's argument that the Plaintiff's separate WPA claim was not subject to review was also conclusory.

Defendant then filed a motion to dismiss the WPA claims and, alternatively, for renewed motion for summary judgment. This motion focused exclusively on the jurisdictional issues regarding the WPA claims. However, the Defendant did not address the EEO retaliation claim. This Court granted the Defendant's motion to dismiss on the grounds that it did not have jurisdiction over the WPA claims.

II.     Discussion

Defendant seeks clarification of the Court's ruling granting the motion to dismiss, and alternatively, renewed motion for summary judgment.  Specifically, Defendant requests that the Court explicitly dismiss the Plaintiff's EEO retaliation claim and any remaining Title VII retaliation claims.  Defendant notes that it is unclear whether the Plaintiff has asserted this claim. That said, Defendant argues that if the Plaintiff has in fact asserted a claim for retaliation based upon his EEO activity, he cannot show retaliation because there was no action taken against him that altered his conditions of employment and there were legitimate business reasons for the allegedly discriminatory conduct. The Plaintiff does not submit any opposition to this motion. Instead, he filed a premature notice of appeal.

The Court finds that the Plaintiff has not asserted a claim of retaliation under Title VII based upon his engagement in EEO activity in his Complaint. Rather, the Complaint asserts claims of retaliation in the form of a hostile work environment that was "tantamount to a constructive discharge".  If anything, it appears that any harassment that the Plaintiff may have experienced as a result of his filing an EEO complaint was subsumed by his hostile work environment claim, which the Court has dismissed.  The Plaintiff did not file a motion in opposition to the Defendant's motion for summary judgment, nor did he file opposition to the present motion to clearly assert his claims. Therefore, based upon the face of the Complaint, the Plaintiff did not assert a claim of retaliation based upon his engagement in EEO activity.

III.    Conclusion

For these reasons, the Court hereby GRANTS Defendant's Motion for Clarification explicitly dismissing any EEO retaliation claim and any other Title VII retaliation claims. Judgment will be entered accordingly.

3

Signed in Baton Rouge, Louisiana, on August 23, 2013

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**